## Dr. Ben Friedman *v*. The State.

### (*Jackson*. April Term, 1919.)

**POISONS.** ''Dispense'' or ''distribute'' morphine. Keeping duplicate prescription.

Defendant, a practicing physician and not a salesman of morphine, who prescribed morphine for an habitual user after personally attending the user, did not "dispense" or "distribute" the drug within Acts 1913 (1st Ex. Sess.) chapter 11, requiring physicians who "dispense" or "distribute" to keep duplicates of all prescriptions issued for a period of two years.

Acts cited and construed:   Acts 1913, ch. 11.

Case cited and approved:   Hyde v. State, 131 Tenn., 208.

---

FROM SHELBY.

---

Error to the Criminal Court of Shelby County.—Hon. D. B. Puryear, Judge.

Dr. Ben Friedman, for plaintiff.

Charles L. Cornelius, Assistant Attorney-General, for the State.

Mr. Chief Justice Lansden delivered the opinion of the Court.

The plaintiff in error was convicted in the criminal court of Shelby county, for that he ''did unlawfully distribute and dispense and prescribe morphine, which was a derivative of opium, without keeping a duplicate of the prescription as prescribed by law.''

Dr. Friedman is not a salesman of the drug mentioned, and is a practicing physician. He prescribed morphine for an habitual user thereof, after personally attending the patient, but kept no copy or duplicate of the prescription. The question to be decided is whether Acts 1913 (1st Ex. Sess.) chapter 11, requires him so to do. That portion of the act which bears upon this subject is as follows:

"Physicians who shall dispense or distribute any of the aforesaid drugs provided by this act shall keep a duplicate of all prescriptions issued by them for a term of two years, and said duplicate shall be subject to inspection by any of the officers named in the preceding paragraph." Section 2.

It will be observed that it is not all physicians who are included within the provisions of this act. It is only physicians "who shall dispense or distribute any of the aforesaid drugs provided by this act, who shall keep a duplicate of all prescriptions issued by them for a term of two years." The act thus limits the number of physicians included within its terms. It is plain and unambiguous, and there is no room for construction. Therefore we hold that the plaintiff in error did not violate this section of the act when he failed to keep a duplicate of the prescription, because he did not dispense or distribute the drug.

We are unable to comprehend how plaintiff in error could be deemed a dispenser or distributor of the drug merely because he failed to preserve a duplicate of his prescription. The offense is not for issuing the prescription, because plaintiff in error complied with every requirement of the law in that respect. The offense

charged is failure upon his part to keep a duplicate of the prescription, which he was not required to do under a proper construction of the act.

Counsel for the State ingenuously argues that the statute should be given the construction insisted upon for the State, because of supposed conveniences to the agents of the State who check up the sale of habit forming drugs. We may well admit the conveniences suggested, but a sufficient answer in law is that the statute does not include them. Therefore it cannot matter in this case what meaning is to be attributed to the words "dispense" and "distribute," because plaintiff in error is in no sense a party to a dispensation or distribution of the drug because he failed to keep a duplicate of his prescription. It was the prescription furnished the druggist upon which he acted, and not a duplicate in the hands of a physician.

The case of *Hyde* v. *State,* 131 Tenn., 208, 174 S. W., 1127, is in no sense in conflict with this opinion. In that case Dr. Hyde issued a prescription without attending the patient. It was held that the prescription made him an aider and abettor in the sale, although the alleged patient was not in existence.

The case is reversed and dismissed.